[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 2, 1995, the plaintiff, Crowley Chrysler-Plymouth Inc., and the defendants, Edward A. Carchidi, Karen Carchidi, and The Cider Mill Wine Spirits, Inc., entered into all agreement wherein the defendants agreed to lease a 1996 Plymouth Voyager vehicle from the plaintiff. The agreement was signed by Karen Carchidi individually and Karen Carchidi as secretary for The Cider Mill Wine Spirits, Inc. (Plaintiff's Exhibit 1). Karen Carchidi was a 50% owner of The Cider Mill Wine Spirits, Inc. As part of the agreement, the plaintiff agreed to accept a 1987 Cadillac and a 1991 Ford Taurus as down-payment toward the lease.
In reguard to the Ford Taurus, Karen Carchidi signed an odometer disclosure statement. She stated that the Taurus was owned by Old Cider Mill Wine Spirits and that the odometer read 28,222 miles. (Plaintiff's Exhibit 2). In fact, the Taurus was owned by her husband, defendant Edward Carchidi and there was an odometer discrepancy of over 100,000 miles.
Prior to signing the agreement (Plaintiff's Exhibit 1), the plaintiff appraised the two cars. The Cadillac was given a value of $750, and the Ford Taurus was given a value of $3,300 (Defendants' Exhibits A and B). The value of $3,300 placed on the Ford Taurus was based in part on the odometer reading given by Karen Carchidi.
Subsequently, the plaintiff proceeded to sell the Ford Taurus at an agreed price of $3,300. After receiving the car, however, the prospective buyer informed the plaintiff that the mileage was not 28,222 miles, but in fact was well over 100,000 miles. The buyer thus refused to purchase the car and his check for $3,300 was returned to him.
As a result of its reliance on the statement signed by Karen Carchidi the plaintiff gave the defendants a better trade-in credit than the Ford Taurus was actually worth when the contract was signed. Had the plaintiff known the correct mileage, it would have given a credit of $1,200 rather than $3,300. Thus, the plaintiff's damages are $2,100.
Accordingly, judgment may enter against the defendants for $2,100. CT Page 3414
Allen, Judge Trial Referee